UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

TINAEE CROWDER

    Plaintiff,

V.                                                        CIVIL ACTION NO.

FIRST CREDIT SERVICES, INC
D/B/A ACCOUNTS RECEIVABLE TECHNOLOGIES

    Defendant.                                  AUGUST 1, 2012

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Owings Mills, MD.

4. Defendant is a licensed collection agency and has a place of business at associated with that license at, ONE WOODBRIDGE CENTER, SUITE 410 WOODBRIDGE, NJ 07095.

5. Plaintiff is a consumer within the FDCPA.

6. Defendant is a debt collector within the FDCPA.

7. Defendant is a collector within the MCDCA.

8. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt allegedly owed to BMW in regards to a lease of an automobile.

9. The Plaintiff was contacted by the Defendant via written letter dated April 16, 2012, in an attempt to collect a debt owed to BMW.

10. The Plaintiff disputed the debt via written letter dated April 25, 2012.

11. The Plaintiff specifically disputed the "Repossession Charge" of $1,750.00, which is 5-6 times the reasonable rate for towing..

12. The Defendant failed to respond to the Plaintiff's written dispute.

13. The Defendant continued to attempt to collect this alleged debt, despite the Plaintiff's written dispute and the FDCPA's requirements to cease and desist all collection activity, until such times as they have verified with the creditor the amount they are collecting is correct and then provide written verification to the Plaintiff.

14. Defendant violated §1692g validation of debts clause.

14. Defendant attempted to collect an amount in excess than that which was legally owed and violated §1692e (2) (a).

15. The Defendant's written statements are false, deceptive and misleading and violate §1692e.

16. The Defendant failed to provide the required notice pursuant to §1692e (11) in each and every oral collection communication.

17. Defendant added an illegal collection fee to the principal amount of the debt, and violated §1692f.

18. Defendant used the name Account Receivables Technologies instead of their legal name First Credit services Inc., and violated §1692e (14) which states "1692 e (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

19. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f & g.

SECOND COUNT:

20. The allegations of the First Count are repeated and realleged as if fully set forth herein.

21. Within three years prior to the date of this action Defendant has engaged in

acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

23. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA on Count I.

2. Award Plaintiff statutory damages pursuant to the MCDCA on Count II.

3. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY/S/Michael W. Kennedy
Michael W. Kennedy, Esquire
The Kennedy Law Firm
1204 Main Street, Suite 176
Branford, CT 06405
203-4814040
Fax: 443-440-6372
mwk550@yahoo.com